Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*
*and the putative classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGI YORDANOV BUYUKLIYSKI, NIKOLAY GANCHEV KIROV, and VIARA TODOROVA LAZAROVA, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TAHOE FRESH CO d/b/a AUSTIN'S RESTAURANT, and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206;<br><br>2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.;<br><br>4) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>5) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br><br>6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br><br>7) Breach of Contract<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

COME NOW Plaintiffs GEORGI YORDANOV BUYUKLIYSKI, NIKOLAY GANCHEV KIROV, and VIARA TODOROVA LAZAROVA ("Plaintiffs"), on behalf of themselves and all other similarly situated and typical persons, and allege the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2.      This Court has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid), there is no conflict between the procedures applicable to the FLSA and state law claims, *see Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)), and a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") Chapter 608*, see Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

(May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

3.      Plaintiffs also claim a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

4.      Plaintiffs made a proper demand for wages pursuant to NRS 608.140 on January 27, 2025.

5.      Venue is proper in this Court because the Defendant named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Washoe County, Nevada.

## PARTIES

6.      Plaintiff GEORGI YORDANOV BUYUKLIYSKI ("Buyukliyski") is a natural person and a citizen of Bulgaria who was employed by Defendant within the State of Nevada through an exchange visitor summer work travel program pursuant to the Code of Federal Regulations ("CFR") § 62.32 under a J-1 visa ("J-1 Employee") during the summers of 2023 and 2024.

7.      Plaintiff NIKOLAY GANCHEV KIROV ("Kirov") is a natural person and a citizen of Bulgaria who was employed by Defendant within the State of Nevada as a J-1 Employee during the summer of 2024.

8.      Plaintiff VIARA TODOROVA LAZAROVA ("Lazarova") is a natural person and a citizen of Bulgaria who was employed by Defendant within the State of Nevada as a J-1 Employee during the summer of 2024.

9.      Defendant TAHOE FRESH CO d/b/a AUSTIN'S RESTAURANT ("Austin's" or "Defendant") is a domestic corporation in the State of Nevada with a principal place of business located at 120 Country Club Dr, #24, Incline Village, Nevada 89451.

10.     The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each of the Defendants sued herein as DOE is responsible in some manner for the

acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Austin's" herein shall mean "Defendants and each of them."

### FACTUAL ALLEGATIONS

#### A.    The Parties

11.    Austin's is a restaurant located in Incline Village, Nevada that serves American cuisine and has been doing business in Incline Village for "over 2 decades". *See* https://austinstahoe.com/about-us last visited 10/28/24.

12.    Plaintiff Buyukliyski was employed by Defendant as a nonexempt, hourly-paid J-1 Employee from on or around May 22, 2023 to on or around August 31, 2023, and from on or around May 17, 2024 to on or around August 25, 2024.

13.    Plaintiff Kirov was employed by Defendant as a nonexempt, hourly-paid J-1 Employee from on or around June 15, 2024 to on or around August 25, 2024.

14.    Plaintiff Lazarova was employed by Defendant as a nonexempt, hourly-paid J-1 Employee from on or around June 15, 2024 to on or around August 25, 2024.

#### B.    Plaintiffs' J-1 Employee Agreements with Defendant

15.    Defendant entered into agreements with each named Plaintiff through their sponsors that outlined the details of Plaintiffs' employment with Defendant as J-1 Employees, including but not limited to their agreed upon job titles, rates of pay, estimated start and end dates of employment, estimated hours of work per week, and position descriptions. *See* Exhibits A – C, Plaintiffs' 2024 J-1 Employee Agreements[1].

16.    Defendant agreed to employ Plaintiffs as servers during the summer of 2024 for an average of 32 – 40 hours per week at a minimum of $12.00 per hour. *See id.*

17.    Despite agreeing to employ Plaintiffs as servers, Defendant allocated certain hours worked by Plaintiff Buyukliyski and Plaintiff Kirov as "Bartender" hours, and certain hours worked by Plaintiff Lazarova as "Austins", separate from the "Server" hours listed on each Plaintiffs' earnings statements.

---

[1] Plaintiff Buyukliyski was also employed by Defendant in the summer of 2023 as a J-1 Employee; his 2023 J-1 Employee Agreement is attached hereto as Exhibit D.

COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

18.     Further, despite agreeing to pay Plaintiffs a minimum of $12.00 per hour, Defendant initially paid Plaintiffs a base rate of $10.50 per hour worked for their first few weeks of employment in the summer of 2024.

19.     Upon information and belief, Defendant's policy and practice of paying less than the minimum wage rate agreed upon within its agreements with J-1 Employees was a uniform practice that applied to all other similarly situated J-1 Employees in the same fashion as Plaintiffs.

**C.     Defendant's Failure to Provide Qualified Health Benefits in Conjunction with Paying Less than Nevada's Higher-Tier Minimum Wage Rate**

20.     The higher-tier minimum wage in effect in the state of Nevada from July 1, 2023 until June 30, 3024 was $11.25 per hour.  *See* NRS 608.250(1)(e)(2).

21.     Plaintiff Buyukliyski was paid a base rate of $10.50 per hour by Defendant for the hours he worked in the summer of 2023 between July 1, 2023 and August 31, 2023 and for the hours he worked in the summer of 2024 between May 13, 2024 and July 7, 2024[2].

22.     Plaintiff Kirov was paid a base rate of $10.50 per hour by Defendant for the hours he worked between June 10, 2024 and June 30, 2024.

23.     Plaintiff Lazarova was paid a base rate of $10.50 per hour by Defendant for the hours she worked between June 14, 2024 and June 30, 2024.

24.     Notably, Defendant did not offer qualified health benefits to Plaintiffs necessary to justify paying Plaintiffs less than Nevada's higher-tier minimum wage rate that was in effect through June 30, 2024.

25.     Upon information and belief, Defendant's policy and practice of paying less than Nevada's higher-tier minimum wage rate without offering qualified health benefits was a uniform practice that applied to all other similarly situated employees in the same fashion as Plaintiffs.

///

///

---

[2] Notably, here, Defendant also failed to pay Plaintiff Buyukliyski the current minimum wage rate in effect in the state of Nevada as of July 1, 2024, of $12.00 per hour, irrespective of any health benefits offered or not offered, for the first seven (7) days of July 2024.  *See* NRS 608.250(1)(f); *see also* Article 15 Section 16 of the Nevada Constitution.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

### D.  Defendant's Failure to Pay Overtime Wages

26.    Defendant failed to appropriately pay Plaintiffs and similarly situated employees overtime pursuant to federal and state laws.

27.    Defendant failed to compensate Plaintiffs and similarly situated employees at one and one-half (1 ½) their applicable regular rate of pay when they worked over 40 hours in a workweek and/or when they worked over eight (8) hours in a workday.  Defendant would willfully and fraudulently re-allocate hours from one non-exempt position to another non-exempt position in an effort to avoid its overtime pay obligations or, in many instances, simply fail to compensate overtime pay when employees worked over 40 hours in a workweek.

28.    For example, during the pay period/workweek of June 3, 2024 through June 9, 2024, Plaintiff Buyukliyski worked 18.3 hours as a "Bartender" and 36.82 hours as a "Server" according to his earnings statement for that pay period, for a combined total of 55.12 hours worked during that workweek.  *See* Exhibit E, Buyukliyski's Earnings Statements Dated May 24, 2024 – August 19, 2024.  However, Defendant only compensated Plaintiff Buyukliyski at a base hourly rate of $10.50 per hour for all 55.12 hours he worked during the week of June 3, 2024 through June 9, 2024.  *Id.*

29.    Similarly, and as an example, during the pay period/workweek of July 1, 2024 through July 7, 2024, Plaintiff Kirov worked 56.95 hours as a "Server" according to his earnings statement for that pay period.  *See* Exhibit F, Kirov's Earnings Statements Dated June 24, 2024 – August 19, 2024.  However, Defendant only compensated Plaintiff Kirov at a base hourly rate of $12.00 per hour for all 56.95 hours he worked during the week of July 1, 2024 through July 7, 2024.  *Id.*

30.    Similarly, and as an example, during the pay period/workweek of July 1, 2024 through July 7, 2024, Plaintiff Lazarova worked 14.85 hours as "AUSTINS" and 40 hours as a "Server" according to her earnings statement for that pay period, for a combined total of 54.85 hours worked during that workweek.  *See* Exhibit G, Lazarova's Earnings Statements Dated June 25, 2024 – August 19, 2024.  However, Defendant only compensated Plaintiff Lazarova at a base

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

hourly rate of $12.00 per hour for all 54.85 hours she worked during the week of July 1, 2024 through July 7, 2024. *Id.*

31.    Upon information and belief, Defendant's policy and practice of failing to appropriately pay overtime pursuant to federal and Nevada state laws was a uniform practice that applied to all other similarly situated employees in the same fashion as Plaintiffs.

### E.    J-1 Employee Housing

32.    As part of Defendant hosting Plaintiffs as J-1 Employees, Defendant agreed to provide housing for Plaintiffs' during their stay in the United States of America. *See* Exhibits H, I, Buyukliyski's 2023 & 2024 Housing Information; *see also* Exhibits B & C, Kirov's and Lazarova's 2024 J-1 Employee Agreements.

33.    The housing provided by Defendant to Plaintiffs was separate from the compensation they were to be paid as J-1 Employees for Defendant.

34.    Defendant and Plaintiffs agreed through their sponsors that Plaintiffs would live in unit 61 of the same building where the Austin's restaurant was located; 120 Country Club Drive, Incline Village, Nevada, 89451. *See id.* Unit 61 is an approximately 2,616 square-foot 3-bedroom, 2-bathroom condominium where Plaintiff Buyukliyski had previously resided during his time as a J-1 Employee for Defendant during the summer of 2023.

35.    Plaintiff Buyukliyski's had agreed to pay Defendant $137.50 per week, or approximately $550 per month, to rent unit 61 for the duration of his time as a J-1 Employee for Defendant in the summer of 2024. *See* Exhibit H, Buyukliyski's 2024 Housing Information.

36.    Plaintiffs Kirov and Lazarova had agreed to pay Defendant $150 per week, or approximately $600 per month each, and a one-time $500 security deposit each to rent unit 61 for the duration of their time as J-1 Employees for Defendant. *See* Exhibits B & C, Kirov's and Lazarova's 2024 J-1 Employee Agreements.

37.    Despite the agreement between Plaintiffs and Defendant for Plaintiffs to rent unit 61 for the duration of their stay in 2024, Defendant instead placed Plaintiffs in unit 66 of the same building upon their arrival.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

38.    Unit 66 is a much smaller, approximately 2,000 square-foot, 1-bedroom, 1-bathroom condominium.

39.    Defendant set up unit 66 to accommodate twelve (12) employees (eleven (11) J-1 Employees and one (1) American employee), including named Plaintiffs.  Unit 66 included twelve (12) twin size beds set up across six (6) bunk beds.  Two (2) bunk beds were placed in the single bedroom with a door located on the bottom floor near the common area and the other four (4) bunk beds were placed in the upstairs open area without doors, located directly next to the single bathroom in the unit.

40.    Despite the agreement between Defendant and Plaintiff Buyukliyski wherein he was to pay $550 per month to rent unit 61 in 2024, Defendant demanded $600 per month from Plaintiff Buyukliyski to rent the much smaller, overcrowded unit 66.  Defendant also demanded a $600 one-time security deposit from Buyukliyski for unit 66 despite there being no prior agreement for Plaintiff Buyukliyski to pay a security deposit.  Plaintiff Buyukliyski paid the $600 security deposit which has not been returned to him by Defendant despite his requests for it to be returned.

41.    Similarly, Defendant demanded $600 security deposits each from Plaintiffs Kirov and Lazarova for unit 66 despite the initial agreement for each of them to pay a $500 security deposit for the much larger unit 61.

42.    On August 11, 2024, Defendant sent an e-mail message to all of the J-1 Employee tenants in unit 66 demanding rent and security deposits in the full amount of $600 for each month in addition to a $600 security deposit, plus a $50 late fee per day for any tenants who had not paid on time and had not made prior arrangements with Defendant regarding late payments.  *See* Exhibit J, Email Chain Regarding J-1 Employee Housing.

43.    On August 11, 2024, Plaintiff Buyukliyski responded to Defendant's aforementioned e-mail message on behalf of himself and his fellow J-1 Employee tenants regarding the uninhabitability of unit 66.  *See id.*

///

///

44.     On August 12, 2024, Defendant responded to Plaintiff Buyukliyski reiterating that rent is due by the following day, August 13, 2024, for all current residents of unit 66, and generally dismissed the concerns of uninhabitability raised by Plaintiff Buyukliyski.  *See id.*

## F.    Unlawful "Rent" Deductions from J-1 Employees' Wages

45.     Despite no agreement between Plaintiffs and Defendant that housing related expenses could be withheld or deducted from Plaintiffs' wages, Defendant deducted "Rent" from Plaintiffs pay checks dated on or around August 19, 2024.

46.     Defendant deducted "Rent" in the amount of $1,700 from Plaintiff Buyukliyski's August 19, 2024 check, leaving $118.67 which was deducted in full for Federal Income Tax. *See* Exhibit E.   These deductions resulted in a net payment of $0.00 to Plaintiff Buyukliyski for the pay period of August 5, 2024 through August 11, 2024 in which he worked 37.86 hours.  *Id.*

47.     Defendant deducted "Rent" in the amount of $1,200 from Plaintiff Kirov's August 19, 2024 check, leaving $157.39 of which $141.72 was deducted for Federal Income Tax.  *See* Exhibit F.  These deductions resulted in a net payment of $15.67 to Plaintiff Kirov for the pay period of August 5, 2024 through August 11, 2024 in which he worked 45.71 hours.  *Id.*

48.     Defendant deducted "Rent" in the amount of $1,500 from Plaintiff Lazarova's August 19, 2024 check, leaving her with a net payment of $174.56 for the pay period of August 5, 2024 through August 11, 2024 in which she worked 41.38 hours.  *See* Exhibit G.

49.     Upon information and belief, Defendant unlawfully deducted wages from all other similarly situated J-1 Employees employed by Defendant for housing related expenses in the same fashion as Plaintiffs.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

50.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

51.     Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Rule 23 of the FRCP.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

1

**FLSA Classes**

2    52.    Plaintiffs bring this action on behalf of themselves and the following **FLSA**

3    **Classes**:

4        **FLSA Overtime Class:** All nonexempt hourly paid employees

5        employed by Defendant during the relevant time period alleged

6        herein.

7        **FLSA Minimum Wage Class:** All nonexempt hourly paid

8        employees employed by Defendant through an exchange visitor

9        summer work travel program under a J-1 visa who were subject to

10       wage deductions by Defendant for housing related expenses during

         the relevant time period alleged herein.

11    53.    With regard to the conditional certification mechanism under the FLSA, Plaintiffs

12    are similarly situated to those they seek to represent for the following reasons, among others:

13    54.    Defendant employed Plaintiffs as non-exempt, hourly-paid employees who did not

14    receive their full wages for all the hours that they worked, and where applicable, overtime

15    premium pay for all hours worked over forty (40) in a workweek.

16    55.    Defendant failed to pay Plaintiffs and all other members of the FLSA Classes for

17    all time they were required to work, but with the knowledge, acquiescence, and/or approval (tacit

18    as well as expressed) of Defendant's managers and agents.

19    56.    Common questions exist as to (1) whether Defendant failed to pay Plaintiffs and

20    FLSA Overtime Class members one and one half times their regular rate of pay for all hours

21    worked in excess of 40 hours in a week; and (2) whether Defendant unlawfully deducted housing

22    related expenses from Plaintiffs and FLSA Minimum Wage Class members wages causing them

23    to be paid less than the applicable federal minimum wage rate.

24    57.    Upon information and belief, Defendant employs, and has employed, in excess of

25    100 members of the FLSA Classes within the applicable statute of limitations.

26    58.    Plaintiffs have signed Consent to Sue forms, attached hereto as Exhibits K – M.

27    ///

28    ///

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

<u>**Nevada Classes**</u>

59.    Plaintiffs bring this action on behalf of themselves and the following **Nevada Classes**:

**Nevada Overtime Class:** All nonexempt hourly paid employees employed by Defendant in the State of Nevada during the relevant time period alleged herein.

**Nevada Inadequate Employee Health Benefit Class:** All nonexempt hourly paid employees employed by Defendant who were paid less than the higher-tier minimum wage rate in the State of Nevada during the relevant time period alleged herein.

**Nevada J-1 Employee Class:**   All nonexempt hourly paid employees employed by Defendant in the State of Nevada through an exchange visitor summer work travel program under a J-1 visa during the relevant time period alleged herein.

**Continuation Wage Class:**  All members of the FLSA Overtime Class, FLSA Minimum Wage Class, Nevada Overtime Class, Nevada Inadequate Employee Health Benefit Class, and/or Nevada J-1 Employee Class who were employed by Defendant in the State of Nevada during the relevant time period alleged herein who are no longer employed by Defendant.

60.    Federal Rule of Civil Procedure ("FRCP") 23 Class action status is appropriate for the Nevada Classes in this case for the following reasons:

A.    <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 100 members of the Nevada Classes within the applicable statute of limitations.  Because Defendant is legally obligated to keep accurate payroll records, Plaintiffs allege that Defendant's records will establish the members of the Nevada Classes as well as their numerosity.

B.    <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and members of the Nevada Classes, including, without limitation:

1)    Whether Defendant failed to pay Plaintiffs and Nevada Overtime Class members 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in a week;

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

2)      Whether Defendant failed to pay Plaintiffs and Nevada Overtime Class members 1.5 times their regular rate of pay for all hours worked in excess of 8 hours in a "workday" as defined by Nevada law for Plaintiffs and Nevada Overtime Class members whose regular rate of pay was less than 1.5 times the applicable minimum wage rate in Nevada;

3)      Whether Defendant can meet its burden of demonstrating that Plaintiffs and the Nevada Inadequate Employee Health Benefit Class members were only entitled to receive the lower tier minimum and overtime wage rates in Nevada;

4)      Whether Defendant unlawfully deducted wages from Plaintiffs and Nevada J-1 Employee Class members' pay checks for housing related expenses.

5)      Whether Defendant failed to compensate Plaintiffs and members of the Nevada J-1 Employee Class for all the hours they worked as a result of Defendant unlawfully deducting wages for housing related expenses from their pay checks; and

6)      Whether Plaintiffs and members of the Continuation Wage Class can recover continuation wages for Defendant's unlawful wage practices.

C.      <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>:  Each member of the Nevada Classes is and was subject to the same practices, plans, or policies as Plaintiffs: (1) Defendant's policy and practice of not paying appropriate overtime wages was uniformly applied to Plaintiffs and all other members of the Nevada Overtime Class and, thus, applies equally to Plaintiffs and all members of the Nevada Overtime Class; (2) Defendant's policy and practice of paying less than Nevada's higher-tier minimum wage rate without offering qualified health benefits was uniformly applied to Plaintiffs and all other members of the Nevada Inadequate Employee Health Benefit Class and, thus, applies equally to Plaintiffs and all members of the Nevada Inadequate Employee Health Benefit Class; (3) Defendant deducted wages for housing related

expenses from Plaintiffs and all other members of the Nevada J-1 Employee Class's pay checks; and (4) as a result of the federal and state wage-hour violations set forth herein, Plaintiffs are former employee who were not compensated their full wages due and owing at the time of separation of employment.

        D.      <u>Plaintiffs are Adequate Representative of the Classes</u>:  Plaintiffs will fairly and adequately represent the interests of members of the Nevada Classes because Plaintiffs are member of the Nevada Classes, they have common issues of law and fact with all members of the Nevada Classes, and they do not have any interests antagonistic to the members of the Nevada Classes.  Plaintiffs and their counsel are aware of their fiduciary responsibilities to members of the Nevada Classes and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Nevada Classes.

        E.      <u>A Class Action is Superior/Common Claims Predominate</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Nevada Classes is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.  Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206**

(On Behalf of Plaintiffs and all members of the FLSA Minimum Wage Class)

61.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in the Complaint as though fully set forth herein.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

62.    29 U.S.C. Section 206(a) provides as follows: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

63.    Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

64.    By unlawfully deducting all or most of Plaintiffs' and FLSA Minimum Wage Class members' wages owed to them from their pay checks for housing related expenses, Defendant failed to pay Plaintiffs and FLSA Minimum Wage Class members minimum wages of $7.25 per hour pursuant to federal law during the relevant time period for their hours worked in violation of 29 U.S.C. § 206(a)(1).

65.    Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

66.    Wherefore, Plaintiffs demands for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Minimum Wage Class members their minimum rate of pay pursuant to 29 U.S.C. § 206(a)(1) for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA Overtime Class)

67.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in the Complaint as though fully set forth herein.

68.    29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

69.    Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

70.    As alleged herein, Defendant failed to pay Plaintiffs and FLSA Overtime Class members overtime for all hours worked in excess of forty (40) hours in a week as set forth above in violation of 29 U.S.C. § 207(a)(1).

71.    Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

72.    Wherefore, Plaintiffs demands for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Overtime Class members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.**

(On Behalf of Plaintiffs and all members of the Nevada Inadequate Employee Health Benefit Class and all members of the Nevada J-1 Employee Class)

73.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in the Complaint as though fully set forth herein.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

74.    NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiffs a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit."  Plaintiffs made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

75.    Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . .   An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs."

76.    NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

> 1. Each employer shall pay to each employee of the employer a wage of not less than:
>
> (a)  Beginning July 1, 2019:
>
>> (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.
>>
>> (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

THERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

(b)  Beginning July 1, 2020:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c)  Beginning July 1, 2021:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d)  Beginning July 1, 2022:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e)  Beginning July 1, 2023:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

(f)  Beginning July 1, 2024:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of

- 17 -
COLLECTIVE AND CLASS ACTION COMPLAINT

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

Article 15 of the Nevada Constitution, $12.00 per hour worked.

2.   It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by this section.

77.   Prior to July 1, 2024, Article 15 Section 16 of the Nevada Constitution set forth a two-tiered minimum wage rate in the state of Nevada as laid out above[3].  Nevada employers could pay less than the higher-tier minimum wage rate (but at least the lower-tier rate) only if the health benefits offered to its employees and dependents were "of a value greater than or equal to the wage of an additional dollar an hour, **and** [the benefits] cover[] the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income."  *See e.g.,* Nev. Const. art. 15, §16; *MDC Restaurants LLC v The Eighth Judicial District Court,* 419 P. 3d 148, 156 (May 31, 2018).

78.   As alleged herein, Defendant paid Plaintiffs and all other members of the Nevada Inadequate Employee Health Benefit Class less than the higher-tier minimum wage rate but failed to provide qualified health benefits pursuant to Article 15 Section 16 of the Nevada Constitution.

79.   By unlawfully paying Plaintiffs and members of the Nevada Inadequate Employee Health Benefit Class less than the applicable higher-tier minimum wage rate, Defendant has failed to compensate Plaintiffs and members of the Inadequate Employee Health Benefit Class at the minimum wage rate for all the hours they worked pursuant to the Nevada Constitution.

80.   Further, pursuant to NAC 608.160(2), "Except as otherwise provided in subsection 1, an employer may not deduct any amount from the wages due an employee unless: (a) The employer has a reasonable basis to believe that the employee is responsible for the amount being deducted by the employer; (b) The deduction is for a specific purpose, pay period and amount; **and** (c) The employee voluntarily authorizes the employer, in writing, to deduct the amount from the wages." (emphasis added).

---

[3] As of July 1, 2024, the minimum wage rate in the state of Nevada is $12.00 per hour and is no longer split into tiers based on health benefits offered.  *See* NRS 608.250(1)(f); *see also* Article 15 Section 16 of the Nevada Constitution.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

81.     As alleged herein, Defendant withheld wages from Plaintiffs' August 19, 2024 pay checks for "Rent," despite there being no prior agreement by Plaintiffs that Defendant was authorized to do so.  These unlawful "Rent" deductions consumed all or most of the wages owed to Plaintiffs on their August 19, 2024 pay checks, resulting in Defendant paying Plaintiffs less than the applicable minimum wage rate in the state of Nevada for their hours worked during the pay period of August 5, 2024 through August 11, 2024.  Upon information and belief, Defendant similarly withheld wages owed to members of the Nevada J-1 Employee Class for housing related expenses in a similar fashion to Plaintiffs.

82.     Wherefore, Plaintiffs demands for themselves and for all other Nevada Inadequate Employee Health Benefit Class members and Nevada J-1 Employee Class members that Defendant pays Plaintiffs and Nevada Inadequate Employee Health Benefit Class members and Nevada J-1 Employee Class members their minimum rate of pay for all hours worked during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

### Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016

(On Behalf of Plaintiffs and all members of the Nevada J-1 Employee Class)

83.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in the Complaint as though fully set forth herein.

84.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

85.     NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

86.     Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

87.     Further, pursuant to NAC 608.160(2), "Except as otherwise provided in subsection 1, an employer may not deduct any amount from the wages due an employee unless: (a) The employer has a reasonable basis to believe that the employee is responsible for the amount being deducted by the employer; (b) The deduction is for a specific purpose, pay period and amount; **and** (c) The employee voluntarily authorizes the employer, in writing, to deduct the amount from the wages." (emphasis added).

88.     As alleged herein, Defendant withheld wages from Plaintiffs' August 19, 2024 pay checks for "Rent," despite there being no prior agreement by Plaintiffs that Defendant was authorized to do so.  These unlawful "Rent" deductions consumed all or most of the wages owed to Plaintiffs on their August 19, 2024 pay checks, resulting in Defendant failing to pay Plaintiffs their regular rate of pay for all hours worked during the pay period of August 5, 2024 through August 11, 2024, in violation of NRS 608.016.  Upon information and belief, Defendant similarly withheld wages owed to members of the Nevada J-1 Employee Class for housing related expenses in a similar fashion to Plaintiffs.

89.     Wherefore, Plaintiffs demand for themselves, and for all members of the Nevada J-1 Employee Class, payment by Defendant at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for all hours worked but not paid during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## FIFTH CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiffs and all members of the Nevada Overtime Class)

90.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

91.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

92.     NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

93.    NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

94.    As alleged herein, Defendant failed to pay Plaintiffs and Nevada Overtime Class members their overtime wages for all overtime hours worked in violation of NRS 608.018.

95.    Wherefore, Plaintiffs demands for themselves, and for all members of the Nevada Overtime Class, that Defendant pay Plaintiffs and Nevada Overtime Class members their overtime pay of one and one-half (1 ½) times their regular rate of pay, or the applicable minimum wage rate of pay under Nevada law, whichever is higher, for all hours worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050**

(On Behalf of Plaintiffs and the Continuation Wage Class)

96.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

97.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

98.    NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

99.    NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

100.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

101.    By failing to pay Plaintiffs and all members of the Continuation Wage Class for all hours worked in violation of federal and state laws, Defendant has failed to timely remit all wages due and owing to Plaintiffs and all members of the Continuation Wage Class.

102.    Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiffs and all members of the Continuation Wage Class their full wages due and owing to them upon the separation of their employment.

103.    Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for Plaintiffs and all members of the Continuation Wage Class, together with attorneys' fees, costs, and interest as provided by law.

## SEVENTH CAUSE OF ACTION

### Breach of Contract

(On Behalf of Plaintiffs and the Nevada J-1 Employee Class)

104.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

105.    Plaintiffs entered into contracts with Defendant through their individual sponsors to be employed by Defendant within the State of Nevada through an exchange visitor summer work travel program pursuant to the CFR § 62.32 under a J-1 visa ("J-1 Employee"). *See* Exhibits A – C, Plaintiffs' 2024 J-1 Employee Agreements

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

106. As alleged herein, Plaintiffs' J-1 Employee Agreements entered into with Defendant provided that Plaintiffs were to be employed by Defendant as servers during the summer of 2024 for an average of 32 – 40 hours per week at a minimum of $12.00 per hour. *See id.*

107. Despite agreeing to employ Plaintiffs as servers, Defendant allocated certain hours worked by Plaintiff Buyukliyski and Plaintiff Kirov as "Bartender" hours, and certain hours worked by Plaintiff Lazarova as "Austins", separate from the "Server" hours listed on each Plaintiffs' earnings statements.

108. Further, despite agreeing to pay Plaintiffs a minimum of $12.00 per hour, Defendant initially paid Plaintiffs a base rate of $10.50 per hour worked for their first few weeks of employment in the summer of 2024.

109. By failing to pay Plaintiffs a minimum rate of $12.00 per hour worked, Defendant breached its contract with Plaintiffs. Upon information and belief, Defendant similarly paid members of the Nevada J-1 Employee Class less than the agreed upon minimum wage rates listed in their J-1 Employee agreements in a similar fashion to Plaintiffs.

110. As a result of the breach of contract, Plaintiffs suffered damages for the relevant time period alleged herein.

111. The statute of limitations for breach of a written agreement is six years. NRS § 11.190(1)(b).

112. The statute of limitations for breach of an oral or verbal contract is four years. NRS § 11.190(2)(c).

113. Wherefore, Plaintiffs demand for themselves and all Nevada J-1 Employee Class members the difference between the hourly wage rate agreed to in their J-1 Employee agreements Defendant should have paid, and the wage rate they were actually paid, together with attorneys' fees, costs, and interest as provided by law.

///

///

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of all similarly situated and typical individuals, prays for relief as follows relating to his collective and class action allegations:

1. For an order conditionally certifying the action pursuant to the FLSA and providing notice to all members of the FLSA Classes so they may participate in the lawsuit;

2. For an order certifying this action as a class action pursuant to Rule 23 of the FRCP on behalf of all members of the Nevada Classes;

3. For an order appointing Plaintiffs as the Representatives of the Classes and their counsel as Class Counsel for the Classes;

4. For damages according to proof for minimum rate pay for all unpaid hours worked under both federal and state laws;

5. For damages according to proof for regular rate pay for all hours worked under both federal and state laws;

6. For damages according to proof for overtime compensation for all overtime hours worked under both federal and state laws;

7. For liquidated damages;

8. For 60-days of continuation wages pursuant to NRS 608.140 and 608.040-.050;

9. For interest as provided by law at the maximum legal rate;

10. For reasonable attorneys' fees authorized by statute;

11. For costs of suit incurred herein;

12. For pre-judgment and post-judgment interest, as provided by law;

///
///

13.    Granting damages, including but not limited to punitive, exemplary, contractual, and/or special damages, against the Defendant and in favor of Plaintiffs and the Nevada J-1 Employee Class; and

14.    For such other and further relief as the Court may deem just and proper.

DATED: February 10, 2025                    THIERMAN BUCK

                                            /s/Joshua D. Buck
                                            Joshua D. Buck
                                            Leah L. Jones

                                            *Attorneys for Plaintiff*

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INDEX OF EXHIBITS

| Exhibit A | Buyukliyski's 2024 J-1 Employee Agreement |
|---|---|
| Exhibit B | Kirov's 2024 J-1 Employee Agreement |
| Exhibit C | Lazarova's 2024 J-1 Employee Agreement |
| Exhibit D | Buyukliyski's 2023 J-1 Employee Agreement |
| Exhibit E | Buyukliyski's Earnings Statements Dated May 24, 2024 – August 19, 2024 |
| Exhibit F | Kirov's Earnings Statements Dated June 24, 2024 – August 19, 2024 |
| Exhibit G | Lazarova's Earnings Statements Dated June 25, 2024 – August 19, 2024 |
| Exhibit H | Buyukliyski's 2024 Housing Information |
| Exhibit I | Buyukliyski's 2023 Match Details Including 2023 Housing Information |
| Exhibit J | Email Chain Regarding J-1 Employee Housing |
| Exhibit K | Buyukliyski's Signed Consent to Sue |
| Exhibit L | Kirov's Signed Consent to Sue |
| Exhibit M | Lazarova's Signed Consent to Sue |

COLLECTIVE AND CLASS ACTION COMPLAINT